**[J-41-2020] [MO: Wecht, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

COMMONWEALTH OF PENNSYLVANIA, : No. 783 CAP
:
       Appellee : Appeal from the Order entered on
: June 24, 2019 in the Court of
: Common Pleas, Philadelphia
       v. : County, Criminal Division at No. CP-
: 51-CR-0511561-1986.
:
RUSSELL COX, : SUBMITTED: April 9, 2020
:
       Appellant :


**CONCURRING OPINION**


**JUSTICE DOUGHERTY**                **DECIDED: October 21, 2020**

I join the majority's well-reasoned conclusion that, although standard examinations are recommended and "of great utility when properly administered[,]" the "current medical consensus does not command the introduction of standardized measures as a threshold obligation in order to establish intellectual disability." Majority Opinion, slip op. at 35. Thus, I agree that "while the PCRA court was entitled to find Dr. Toomer's testing methods to be incredible and unworthy of evidentiary weight, that court was not permitted to conclude its analysis upon reaching such a determination." *Id.* I write separately simply to note my understanding that nothing in our prior decision, or in this decision, is intended to deprive the PCRA court of its essential role of assessing the other evidence and making the necessary credibility determinations. In this regard, I reiterate the majority's observation that the PCRA court previously found much of Cox's other evidence unreliable or incredible. *See id.* at 36 (explaining that the PCRA court's prior opinion "discredited the entirety of the lay witness testimony for purposes of the adaptive behavior

inquiry" after the court found the witnesses were biased, they contradicted each other and Cox's school records, and they had selective memories that benefited Cox). There is also good reason to believe the PCRA court continues to hold to this view, as is entirely that court's prerogative. *See id.* at 37 ("Sprinkled throughout the PCRA court's [present] opinion are references to conflicts in testimony, or to inconsistencies that naturally would bear upon a court's credibility findings.") (citations omitted). Nevertheless, out of an abundance of caution in this complex capital case, I agree with the majority that a remand is again necessary. The focus of the PCRA court on remand should be on explaining more clearly whether it "continues to believe that none of the twelve lay witnesses and none of the three expert witnesses testified about anything truthfully or reliably." *Id.* at 37-38.

Justice Mundy joins the opinion.